UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                -v-                      :      20cr179 (DLC)
                                         :
HERMAN BASS,                             :
                                         :      ORDER
                Defendant.               :
                                         :
-----------------------------------------X

DENISE COTE, District Judge:

Herman Bass seeks compassionate release pursuant to Title 18, United States Code, Section 3582(c)(1)(a). The request is denied.

Bass pleaded guilty to a single count of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), on May 26, 2021. He was sentenced to 30 months' imprisonment on September 23, 2021 and is now incarcerated at the Metropolitan Detention Center -- Brooklyn ("MDC"). On November 16, 2021, shortly after beginning his sentence, Bass moved for compassionate release.

Because Bass has exhausted his administrative remedies by making a request for compassionate release from his warden,[1] his sentence may be reduced if "extraordinary and compelling

---

[1] Bass claims that he requested compassionate release from his warden, but provides no documentation supporting this assertion. For the purpose of this motion, it will be assumed that Bass in fact exhausted his administrative remedies.

reasons" warrant reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Court is entitled to "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination. United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted). If the Court concludes that Bass has presented "extraordinary and compelling reasons" for compassionate release, the Court must also weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) before granting him compassionate release. Even if the Court concludes that the petitioner has not satisfied the threshold requirement of presenting an extraordinary and compelling reason for compassionate release, the Second Circuit has instructed that the Court should also consider whether the § 3553(a) factors weigh in favor of release. United States v. Jones, No. 20-3698-cr, 2021 WL 5312996, at *2 (2d Cir. Nov. 16, 2021).

The motion for compassionate release is denied because Bass's submission does not present an extraordinary and compelling reason for compassionate release. He cites as an extraordinary and compelling circumstance the risk of continued incarceration given the ongoing COVID-19 pandemic, several preexisting medical conditions, and allegedly inadequate medical care at the MDC. But Bass' medical history was presented to the Court at his recent sentencing and the Court considered Bass'

2

medical history and the implications of incarceration during the COVID-19 pandemic in crafting his sentence. Moreover, the Bureau of Prisons has also made COVID-19 vaccinations available to inmates and staff, further reducing any risk related to COVID-19. See COVID-19 Vaccine Implementation, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited November 16, 2021). The risk of incarceration during the COVID-19 pandemic is now less likely as a general matter to qualify as an extraordinary and compelling circumstance, and does not for Bass.

In any event, the § 3553(a) sentencing factors weigh against his release. Bass participated in an international money laundering scheme that laundered over $10 million in proceeds from a series of email frauds. While on pretrial supervision in this case, Bass was arrested and charged with serious crimes involving domestic assault and the possession of several firearms. The charged crimes in this case -- as well as Bass's conduct while awaiting trial -- warranted a period of incarceration. Compassionate release at this juncture, only a few months into Bass' sentence, would not serve the goals of sentencing or be in the public interest. Accordingly, it is hereby

ORDERED that Bass' motion for compassionate release is denied.

3

IT IS FURTHER ORDERED that the Clerk of Court shall mail Bass a copy of this Order and note mailing on the docket.

Dated: New York, New York
November 17, 2021

                                                              DENISE COTE
                                 United States District Judge