**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**UNITED STATES OF AMERICA,**

                **Appellee,**

          **-against-**                               **No. 20 Cr. 179 (DLC)**

**HERMAN BASS,**

                **Appellant.**
-------------------------------------------------------X

**MOTION FOR BAIL PENDING DIRECT APPEAL, BROUGHT UNDER TITLE 18, UNITED STATES CODE, SECTION 3143(b)**

NOW COMES Appellant, HERMAN BASS, appearing *pro se*, respectfully moves this Court for his release on bail pending the final disposition of his direct appeal, pursuant to 18 U.S.C. 3143(b). For the reasons stated hereinafter, this motion should be promptly granted.

**I.    BACKGROUND AND RELEVANT FACTS.**

On March 4, 2020, a grand jury sitting in the Southern District of New York returned an indictment charging Defendant with, *inter alia*, conspiracy to "attempt to conduct" financial transactions, in violation of federal money laundering statutes – 18 U.S.C. 1956(h). On May 26, 2021, on the advice of counsel, Defendant entered a plea of guilty to that offense. On September 23, 2021, Defendant was sentenced to 30 months imprisonment. A timely notice of appeal was filed in this case, and Defendant is currently detained at MDC Brooklyn.

The conspiracy count to which Defendant entered a plea of guilty alleged that the object of the conspiracy was an "attempt" to engage in money laundering, and that the "specified unlawful activity" from the alleged funds to be laundered was "wire fraud schemes." Count Two of the indictment did not cross reference the federal wire fraud statute, and did not describe a predicate offense falling within the ambit of the federal wire fraud statutes.

On appeal, Defendant will raise issues establishing both a lack of jurisdiction over the subject matter, there was no factual basis for the offense of conviction, inasmuch as the offense of conviction is a non-offense, that his guilty plea was wholly involuntary, unknowing and an unintelligent choice amongst the alternative courses of action open to Defendant at the time, and that his attorney was ineffective for failing to seek dismissal and for advising him to enter a plea of guilty.

On the record, there is a substantial likelihood that the judgment of conviction will be vacated, and the matter will be remanded to the district court with specific instructions to dismiss Count Two of the indictment.

Defendant, who remains housed at MDC Brooklyn, now seeks his release on bail pending the final disposition of his appeal. This motion should be, and is hereby due to be, granted.

## II.   ARGUMENTS.

**DEFENDANT SHOULD BE RELEASED ON BAIL PENDING APPEAL INASMUCH AS THE APPEAL IS NOT FOR PURPOSES OF DELAY, THE APPEAL RAISES SUBSTANTIAL QUESTIONS OF LAW AND FACT CERTAIN TO RESULT IN REVERSAL, AND DEFENDANT IS <u>NEITHER A FLIGHT RISK NOR A DANGER TO THE COMMUNITY</u>**

**A. The Legal Standard.**

18 U.S.C. 3143(b) provides that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained." Therefore, once a defendant is sentenced, the "presumption" as to whether that defendant should be detained turns "in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004). That presumption may be rebutted, however, "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced term of imprisonment less than the total of time already served plus the expected duration of the appeal process." 18 U.S.C. 3143(b). A decision of the district court not to release a criminal defendant on bail pending appeal is reviewable under 18 U.S.C. 3145(c).

To obtain release on bail pending appeal, an appellant must demonstrate that he is neither a risk of flight, nor a danger to the community, that his appeal is not for purposes of delay and raises substantial questions of fact or law likely to result in reversal or a new trial. *See*, *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) *(defining a "substantial question" under Section 3143(b) as "a close question," "fairly debatable," or "one that very well could be decided the other way.").*

**B. Discussion.**

**(i)** <u>Appellant is Not Likely To Flee or Pose A Danger if Released</u>.

Defendant respectfully submits that he is not likely to flee nor pose a danger to any other person or the community if released on bail pending appeal. Despite previous false allegations of criminal conduct while on bail by Defendant's former girlfriend, allegations which were rejected in state court by and through the dismissal of the charges. Defendant submits that his bail history speaks volumes to absence of any likelihood that he would flee or pose a danger if released on bond. Furthermore, the relatively short sentence further provides a disincentive to flee.

Indeed, the relative short sentence will likely expire before the appeal has played out in the Second Circuit – yet another reason for granting bail pending the disposition of the appeal.

**(ii)** <u>The Appeal Is Not For Purposes Of Delay and Raises Substantial Factual and Legal Questions Likely to Result In Reversal of the Conviction.</u>

As noted above, Count Two of the indictment alleged a conspiracy to "attempt" to commit money laundering, and failed to set forth with specificity and particularity the alleged source of the proceeds laundered, or the proceeds Defendant allegedly conspired to launder. The indictment alleged only that the funds were derived from "wire fraud schemes." Notably, not all wire fraud schemes would fall within the definition of "specified unlawful activity." Indeed, "wire fraud schemes" could conceivably refer to violations of New York State Penal Law, Section 190.65. New York State Courts have the federal wire fraud statutes and Section 190.65, although not identical, are "essentially similar." *In the Matter of Muraskin,* 302 A.D.2d 33, 34 (N.Y. App. Div. 2002). Section 190.65, however, is not listed in the federal statutes that define "specified unlawful activity," and thus could not serve as a predicate for a federal money laundering offense.

Also, the Count Two failed to charge a federal offense, and instead charged a non-offense – "conspiracy to attempt." As the Second Circuit very recently observed, "conspiracy to attempt a substantive crime is not a recognized form of liability . . ." *United States v. Eldrige,* 2 F.4th 27, 38 & n. 14 (2d Cir. 2021); *United States v. Meacham,* 626 F.2d 503 (5th Cir. 1980).

-5-

A criminal defendant is entitled to an indictment that states the essential elements of the charge against him. *Jones v. United States,* 526 U.S. 227, 232 (1999); *Hamling v. United States,* 418 U.S. 87, 117 (1974)*("[A]n indictment Is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend, and, second, enables him to plead an acquittal or conviction in bar to a future prosecution for the same offense.");* Fed. R. Crim. P. *7(c)(requiring indictment to contain a definite written statement of the "essential facts" constituting the offense).* An indictment, such as the one in the case at bar, that fails to allege the essential elements of the crime charged offends both the Fifth and Sixth Amendments. See, *Russell v. United States,* 369 U.S. 749, 760-61 (1962). The Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . ." If the indictment does not state the essential elements of the crime, the defendant cannot be assured that he is being tried on evidence presented to the grand jury, see, *Russell,* 369 U.S. at 770; *United States v. Walsh,* 194 F.3d 37, 44 (2d Cir. 1999*),* or that the grand jury acted properly in indicting him. *Russell,* 369 U.S. at 768-69 *(An important corollary purpose of requirement that indictment state elements of offense is to allow court to evaluate whether **facts** alleged could support conviction).*

-6-

"The indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." *Walsh*, 194 F.3d at 44; *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000)(*affirming dismissal of the indictment for failing to include essential facts making out an offense under statute allegedly violated*). "An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *Stavroulakis*, 952 F.2d at 693 *(citing Russell*, 369 U.S. at 749, 763-64; *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975))

The indictment here failed to charge an offense, and instead charged an illogical non-offense – i.e., a conspiracy to attempt to commit money laundering. Furthermore, the indictment failed to state with sufficient particularity from what specified unlawful activity did the funds derive, instead merely stating that the funds were derived from wire fraud schemes that involve email compromises. Those schemes could very well have violated state, but not federal statute. In which case, the Court would lack subject matter jurisdiction.

## III. CONCLUSION.

For the reasons stated, the Court should order Defendant released on bail, pursuant to 18 U.S.C. 3143(b).

**WHEREFORE,** Defendant prays that the Court will grant this motion and order him released on bail, forthwith, in the interest of justice and to prevent a complete miscarriage of justice.

**Dated: Brooklyn, New York**
       **November 18, 2021**

Respectfully submitted,

*Herman Bass*

HERMAN BASS
REGISTER NO. 79331-112
MDC BROOKLYN
P.O. BOX 329002
BROOKLYN, NEW YORK 11232

cc: U.S. Attorneys Office (SDNY)

---

*Handwritten note by judge:*

Denied. The defendant plead guilty pursuant to a plea agreement in which he waived the right to appeal any sentence of 37 months or lower. He was sentenced to 30 months in prison after his guidelines had been calculated to include an acceptance of responsibility adjustment and his handwritten sentencing letter purported to take responsibility and express remorse. There is no merit to this appeal.

*Denise Cote*
11/19/21